```
               IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**TROY FOOTMAN,**

                   **Petitioner,**

      v.                            **CASE NO. 05-3093-RDR**

**E.J. GALLEGOS,**

                   **Respondent.**

Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. 2241. Having reviewed the record which includes respondent's answer and petitioner's traverse, the court finds this matter is ready for decision.

Petitioner is serving a sentence of 151 to 188 months, imposed by the United States District Court for the District of Massachusetts. *See* U.S. v. Footman, 33 F.Supp.2d 30 (D.Mass. 1998). Petitioner obtained no relief in a post-conviction motion he filed under 28 U.S.C. 2255. *See* U.S. v. Footman, 66 F.Supp.2d 83 (D.Mass. 1999), *appeal dismissed*, 215 F.2d 145 (1st Cir. 2000). Citing United States v. Booker,[1] a decision handed down

---

[1] *See* United States v. Booker, 125 S.Ct. 738 (2005)(including companion case United States v. FanFan) (Supreme Court extends rationale in Apprendi v. New Jersey, 530 U.S. 466 (2000), *and* Blakely v. Washington, 124 S.Ct. 2531 (2004), to federal sentencing guidelines, finding mandatory provisions of U.S. Sentencing Guidelines are unconstitutional).

after petitioner's conviction became final, petitioner now seeks habeas corpus relief under 28 U.S.C. 2241, arguing his sentence should be only 70 to 87 months because the enhancement of his sentence on facts not found by the jury was unconstitutional.

Respondent contends that relief on petitioner's <u>Booker</u> claim must be pursued under 28 U.S.C. 2255, and argues this court lacks jurisdiction under 28 U.S.C. 2241 to consider petitioner's habeas application.  The court agrees.

A petition under 28 U.S.C. 2255 attacks the legality of a prisoner's detention pursuant to a federal court judgment, and must be filed in the district court that imposed the sentence. <u>Haugh v. Booker</u>, 210 F.3d 1147, 1149 (10th Cir. 2000).  It is well recognized that section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996); <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).  A petitioner may seek relief under 28 U.S.C. 2241 only if he shows the remedy available under section 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence.[2]  <u>Bradshaw</u>, 86 F.3d at 166.  *See also*

---

[2]This "savings clause" text appears in 28 U.S.C. 2255 which prohibits the district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief under section 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Williams v. United States, 323 F.2d at 673 (for federal prisoners, section 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention").  The "[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Id. (quotation omitted).  Nor is section 2255 rendered inadequate or ineffective by the mere fact that petitioner may be procedurally barred from filing a second or successive 2255 application.  See Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).

Here, petitioner essentially argues the remedy available under 28 U.S.C. 2255 is inadequate or ineffective because such relief is now foreclosed, and because no judicial remedy now remains to correct a sentence that is invalid and unlawful.  This is insufficient to satisfy the savings clause in section 2255. Moreover, the Tenth Circuit Court of Appeals has refused to retroactively apply Booker to cases on collateral review.  See Bellamy v. United States, __F.3d __, 2005 WL 1406176, at *2-4 (10th Cir. June 16, 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005).

Accordingly, because section 2255 is the exclusive remedy on petitioner's allegations of error in his conviction and sentence, and because petitioner has not demonstrated that remedy is inadequate or ineffective to address the legality of his detention, this court has no jurisdiction under 28 U.S.C. 2241 to consider petitioner's claims.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. 2241 is dismissed.

DATED:  This 11th day of July 2005, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge